18314

Shelley R. SHEFFIELD, Appellant, v. AMERICAN INDEMNITY COMPANY, Respondent

(140 S. E. (2d) 787)

390

*Messrs. Kale R. Alexander* and *David A. Fedor, of* Columbia, *for Appellant,*

*Messrs. Lumpkin, Kemmerlin & Medlock,* of Columbia,
*for Respondent,*

March 2, 1965.

Moss, Justice.

Shelley R. Sheffield, the appellant herein, instituted this action to recover from American Indemnity Company, the respondent herein, the sum of $10,000.00, being a portion of a default judgment obtained against one Herman Boyd Shealy, an uninsured motorist.

The appellant was the owner of a Ford Station Wagon and on December 25, 1961, Gloria J. Sheffield, his wife, while driving said motor vehicle, was involved in a collision with a motor vehicle driven by Herman Boyd Shealy, resulting in bodily injury to her. Thereafter, the said Gloria J. Sheffield instituted an action against Herman Boyd Shealy and, on June 11, 1963, obtained a judgment against him in the amount of $30,000.00 actual damages, and $500.00 punitive damages, in the Court of Common Pleas for Richland County.

The appellant herein also instituted an action against the said Herman Boyd Shealy seeking to recover damages for loss of consortium and reimbursement for medical expenses arising out of the bodily injury sustained by his wife. This action was tried in the Court of Common Pleas for Richland County and the appellant, on January 3, 1964, recovered judgment against Herman Boyd Shealy in the amount of $15,000.00 actual damages.

Section 46-750.13 of the 1962 Code of Laws provides that all contracts of bodily injury liability insurance shall provide limits of at least: "* * * Ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident * * *."

Section 46-750.14 of the Code provides:

"Nor shall any such policy or contract be so issued or delivered as described in Sec. 46-750.13 unless it contains an endorsement or provisions undertaking to, pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of Sec. 46-750.13."

American Indemnity Company, the respondent herein, on April 8, 1961, issued to the appellant a "Family Combination Automobile Policy" which provided "Bodily Injury Liability" in the amount of $10,000.00 for each person. Attached to and forming a part of the aforesaid policy was the uninsured motorist endorsement, written in compliance with the above quoted statutes, and which after stating the limits of liability for "bodily injury $10,000.00 each person; $20,-000.00 each accident", states that the respondent agrees with the insured, subject to the limits of liability, exclusions, conditions and other terms of this endorsement and to the applicable terms of the policy, to, pay "all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of: (a) bodily injury * * * sustained by the insured * * * caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile." The endorsement includes in the definition of an "insured" * * * "any person, with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which this endorsement applies." The endorsement further provides that "the insurance applies separately with respect to each

insured under this endorsement, but neither this provision nor application of the insurance to more than one insured shall operate to increase the limits of the company's liability." It. is further provided:

"The limit of bodily injury liability stated in the schedule as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of such liability stated in the schedule as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

The aforesaid policy, with uninsured motorist endorsement thereon, was in full force and effect when Gloria J. Sheffield, the wife of the appellant, was involved in a collision with Herman Boyd Shealy, an uninsured motorist, as a result of which she received bodily injuries. It was for these bodily injuries that she obtained the judgment heretofore referred to against the said uninsured motorist. The respondent, on June 25, 1963, paid to the said Gloria J. Sheffield, under the aforesaid uninsured motorist endorsement, the sum of $10,000.00 for her bodily injuries, this being the total limit of liability of the respondent for bodily injury to one person.

It is agreed that the cause of action of the appellant against the uninsured motorist was one by the husband solely for the loss of consortium and for reimbursement for medical expenses of his wife which arose as a result of the bodily injuries sustained by her. It was further agreed that the appellant suffered no physical or bodily injury. The appellant alleges that under the terms of the aforesaid policy, including the uninsured motorist endorsement, that he is entitled to recover from the respondent the sum of $10,000.00, this being a part of his judgment against the uninsured motorist for

the loss of consortium of his wife and the medical expenses incurred for her care and treatment.

The respondent, by way of defense, asserts that under its policy of insurance, including the uninsured motorist endorsement, the limit of its liability for injury was $10,000.00 where only one person received bodily injury; that the appellant did not receive bodily injury; that his judgment was for consequential damages only suffered by him as a result of bodily injuries sustained by his wife; that the respondent has paid to his wife the sum of $10,000.00 for her bodily injuries which was the limit of its liability under its policy; that having discharged its liabilty in the aforesaid manner, further recovery could not be had by the appellant against the respondent.

The Master in Equity for Richland County, to whom this cause was referred, as well as the trial judge, denied the relief asked for by the appellant. This appeal followed.

The first question for determination is whether, under an uninsured motorist endorsement which limits the liability of the insurer for bodily injury to $10,000.00 for each person and $20,000.00 for each accident, a husband, whose wife has already recovered $10,000.00 for her bodily injury claim, is entitled to recover further damages under such endorsement for loss of consortium and the expenses he has incurred in behalf of his wife.

The consequential damages sustained by the appellant because of the injuries to his wife are "personal injuries" and not "bodily injuries". The contract of insurance, with which we are here concerned, agrees to idemnify for "bodily injuries" and the sum of $10,000.00 is the total limit of liability of the respondent for bodily injuries to one person as the result of any one accident.

The general rule as to liability for consequential damages under an automobile liability insurance policy, where no uninsured motorist endorsement is involved, is stated in 7 Am. Jur. (2d), Automobile Insurance, Section 195, at page 537, as follows:

"Consequential damages, such as loss of consortium, medical and hospital expenses, etc., are generally held not to constitute 'bodily injuries' within the meaning of automobile liability policies limiting liability to a stated amount for 'bodily injuries' to one person. No recovery can be had for such damages therefore if the insurer has paid the full amount of the limitation fixed by the policy to the person injured, recovery in any event being limited to the balance between the amount which the insurer has paid, either to the injured person or to the one claiming consequential damages, and the amount of the limitation fixed by the policy in case of 'bodily injury' to one person. Thus, it is generally held that where a wife has sustained injury by reason of the negligent operation of an insured's automobile and has been paid the full amount limited by an automobile liability policy in case of 'bodily injury' to one person, her husband, who has sustained no physical injury, cannot recover from the insurer for consequential damages for loss of consortium, etc., since he has sustained no 'bodily injury' within the meaning of the policy. * * *"

In accord with the foregoing general rule is Appleman, Insurance Law and Practice, Vol. 8, Section 4891, page 318, as follows:

"* * * it often happens that there are consequential damages, as well as the damages suffered by the injured person himself. Thus, where a wife or child is injured, the husband or parent may also suffer consequential injuries by reason of liability for hospital and doctor bills or for loss of services or consortium. But it has been held that these different types of injuries cannot be split up, in order to bring the claim within the higher policy limits; they are regarded as essentially injuries to one person, so that the lower policy limits applicable to injuries sustained by any one person would govern."

Numerous cases support the rules heretofore stated. *Brustein v. New Amsterdam Casualty Co.,* 255 N. Y. 137, 174 N. E. 304; *Perkins v. Fireman's Fund Indem. Co.,*

44 Cal. App. (2d) 427, 112 P. (2d) 670; *Lumbermen's Mut. Casualty Co. v. McCarthy,* 90 N. H. 320, 8 A. (2d) 750, 126 A. L. R. 894; *Klein v. Employers' Liability Assur. Corp.,* 9 Ohio App. 241; *Chattanooga Dayton Bus Line v. Burney,* 160 Tenn. 294, 23 S. W. (2d) 669; *New Amsterdam Casualty Co. v. Hart,* 153 Fla. 840, 16 So. (2d) 118, 150 A. L. R. 1150; *Smith v. Cassida,* 403 Pa. 404, 169 A. (2d) 539.

In the *New Amsterdam Casualty Co. v. Hart case,* it was held that the payment by an automobile liability insurer of $5,000.00 in satisfaction of a judgment obtained by a married woman against the insured for bodily injuries is exhaustive of the liability of the insurer on the policy, precluding the recovery from it of an additional amount by her husband upon his recovery of a judgment against the insured for consequential damages, where the declaration attached to the policy and made a part thereof limit the liability of the insurer to "$5,000.00 each person $10,000.00 each accident," and the policy itself provides that "the limit of bodily injuries liability stated in the declaration as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury * * * sustained by one person in any one accident."

In the *Smith v. Cassida case* it was held that the limitation in a policy on coverage for bodily injury to a single person applies to the person injured, not persons suffering loss, and where the award to the wife exhausted the coverage for bodily injuries, the husband, who sustained a loss due to his wife's injury, could not recover as a second person injured. The Court stated that to hold otherwise would annihilate the limit of bodily injury liability stated in the policy.

In the case of *Sossamon v. Nationwide Mutual Ins. Co.,* 243 S. C. 552, 135 S. E. (2d) 87, a husband and wife brought suits, the wife for her injuries and the husband

for expenses in connection with his wife's injuries and for loss of consortium, under Section 21-840(1) (b) of the Code, which provides benefits "for any person * * * who suffers personal injuries * * * because of the negligent operation of any such school bus, an amount not exceeding five thousand dollars for any one person * * *." The insurer asserted that the total recovery in both cases could not exceed five thousand dollars for any one person. We held that since each respondent had suffered a personal injury because of the negligent operation of the school bus, each was entitled to recover an amount not exceeding five thousand dollars for such injury, and we said:

"An opposite conclusion was reached in the case of *New Amsterdam Casualty Co. v. Hart,* 153 Fla. 840, 16 So. (2d) 118, 150 A. L. R. 1150, because the insurance contract agreed to indemnify for 'bodily injuries' not personal injuries. The position of the appellant here would be meritorious if our statute had used the words 'bodily injury' rather than the words 'personal injuries.' "

We conclude, as did the lower court, that since the wife of the appellant who sustained injury by reason of the negligent operation of an uninsured automobile and has been paid the full amount limited by the uninsured motorist endorsement in case of "bodily injury" to one person, her husband, who has sustained no physical injury, cannot recover from the insurer for consequential damages on account of loss of consortium and reimbursement for medical expenses arising out of the injury to his wife, since he has sustained no "bodily injury" within the meaning of the uninsured endorsement.

The appellant asserts that the trial court committed error in refusing to hold that the respondent waived its right to and was estopped from pleading the defenses that it now asserts in this action. The basis of this contention is that the respondent should have pleaded these defenses in the action which the appellant brought against the uninsured motorist.

The record reveals that the respondent, through its attorneys, did make an appearance for the purpose of defending the uninsured motorist in the actions brought by the appellant and his wife. An insurer has the right to appear and defend in the name of the uninsured motorist any action which might affect its liability under the uninsured motorist endorsement. This right is now guaranteed to an insurer by statute. Section 46-750.33, 1964 cumulative supplement to the Code. In appearing and defending such action the respondent waived none of its rights and was not estopped to later interpose any policy defenses it might have in an action brought upon the insurance contract.

The issue of coverage afforded by the respondent's policy of insurance had no place in the tort action brought by the appellant against the uninsured motorist. Such action was not one arising *ex contractu* to recover against the respondent on its uninsured endorsement. The respondent was not a party to said action and no judgment could be entered against it in the action. It was an action *ex delicto* and the only issues presented were the establishment of legal liability of the uninsured motorist and the fixing of damages, if any. What was said in *Laird v. Nationwide Ins. Co.*, 243 S. C. 388, 134 S. E. (2d) 206, is here applicable. We quote the following therefrom:

"Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist. Such an action is one *ex delicto* and the only issues to be determined therein are the liability and the amount of damage. After judgment is entered against the uninsured motorist, a direct action *ex contractu* can be brought to recover from the insurance company on its endorsement, and policy defenses may be properly raised by the insurance company. *Doe v. Brown,* 203 Va. 508, 125 S. E. (2d) 159; *Rodgers v. Danko,* 204 Va. 140, 129 S. E. (2d) 828."

All of the exceptions of the appellant are overruled and the judgment below is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSY and BRAILSFORD, JJ., concur.