SOUTH CAROLINA INSURANCE COMPANY v. DONALD EUGENE WHITE, JANE WHITE AND ETHELENE HIKES

No. 858SC1368

(Filed 15 July 1986)

**Insurance § 110 — automobile liability insurance — payment of policy limit for bodily injury — inclusion of claim for loss of consortium**

Where an automobile liability policy limited coverage to $25,000 for "all damages" for bodily injury sustained by any one person in one accident, and the policy limit of $25,000 was paid to the husband for his bodily injuries, the wife's derivative claim for loss of consortium was encompassed within the $25,000 limit, and the insurer was not obligated to pay the wife for loss of consortium.

APPEAL by defendant Ethelene Hikes from *Llewellyn, Judge.* Order entered 18 October 1985 in Superior Court, WAYNE County. Heard in the Court of Appeals 8 May 1986.

*Wallace, Barwick, Landis, Rodgman & Bower, P.A., by Paul A. Rodgman, for plaintiff appellee.*

*Duke and Brown, by John E. Duke, for defendant appellant.*

BECTON, Judge.

On 21 December 1982, Donald Hikes sustained injuries resulting in, among other things, the loss of a leg when the motorcycle he was riding collided with the insured vehicle of Donald and Jane White. Donald Hikes and his wife Ethelene Hikes sued the Whites, but Donald Hikes' claim was settled when the South Carolina Insurance Company (Insurance Company) paid him $25,000, the policy limits, in full settlement of his damage claim. Because Ethelene Hikes contended that the Insurance Company is obligated to pay damages to her for loss of consortium caused by the personal injury sustained by her husband, the Insurance Company sought declaratory relief to determine its liability to Ethelene Hikes.

Jury trial was waived, and the case was submitted to the trial judge on stipulated facts and trial briefs. Considering the limits of liability for bodily injury set forth in the policy — $25,000 per person and $50,000 per accident — the trial court concluded that the $25,000 payment to Donald Hikes exhausted the policy limits. Ethelene Hikes appeals from a judgment declaring that the Insurance Company had no obligation toward her.

Ethelene Hikes styles her two questions for review as follows:

I. Did the trial court err in ruling that the plaintiff, South Carolina Insurance Company, was not required to answer defendant's interrogatories number 4, 5, 6a, 6b, 6c, 7, 8a, 8b, and 8c?

II. Did the trial court err in ruling that the plaintiff insurance company was not obligated to pay Ethelene Hikes her damages for loss of consortium resulting from damages sustained by the husband of Ethelene Hikes?

Because of our resolution of the second issue, we need not address the first.

The trial court correctly ruled that the Insurance Company was not obligated to pay Ethelene Hikes damages for loss of consortium. First, the policy provides that the maximum award one person may receive for bodily injury sustained in any one accident is $25,000. Second, claims for loss of consortium are derivative in nature; they are not "bodily injuries."

The policy issued to Donald White contained a "Declaration Page and Endorsement" setting forth bodily injury liability coverage of "$25,000 Ea. Person, $50,000 Ea. Acc." The "Limits of Liability" provision states, in relevant part, that:

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. . . . This is the most we will pay as a result of any one accident regardless of the number of . . . [c]laims made. . . .

Notwithstanding the policy's clear language, Ethelene Hikes points out that the policy does not state that the Insurance Company will limit its payment of damages to the insured party. She asserts that the "Insuring Agreement" provision "merely state[s] that [the Insurance Company] would pay damages 'for which the insured becomes legally responsible because of an auto accident.' "

Ethelene Hikes has cited no North Carolina case authority in support of her argument, and we are not persuaded. The term "all damages" used in the policy is all-inclusive. It includes not only direct damages for bodily injury sustained by Donald Hikes, but also any indirect or consequential damages for loss of consortium. Perhaps when the award to the person who sustained the direct bodily injury does not exhaust the maximum policy limits, a consequential or derivative damage claim for the difference may be maintained. But when, as in this case, the policy limit has been exhausted by the settlement of $25,000 paid to the person who sustained the direct bodily injury, all consequential or derivative damage claims for personal injuries are subsumed within the settlement award.

An analysis of the terms "bodily injury" and "personal injury" helps to clarify the point. Bodily injury refers to "[p]hysical pain, illness or any impairment of physical condition." Black's Law Dictionary 707 (5th ed. 1979). "Personal injury," however, is "used . . . in a much wider sense, and . . . includ[es] any injury which is

an invasion of personal rights . . . ." *Id.* at 707. In *Sheffield v. American Indemnity Company*, 245 S.C. 389, 394, 140 S.E. 2d 787, 790 (1965), the South Carolina Supreme Court relied on this distinction in considering whether the husband of a woman who had suffered physical injury could recover under a "bodily injury" insurance policy for loss of consortium, when the wife had already received the policy limit for bodily injury for one person:

> The consequential damages sustained by the appellant because of the injuries to his wife are "personal injuries" and not "bodily injuries." The contract of insurance, with which we are here concerned, agrees to indemnify for "bodily injuries" and the sum of $10,000.00 is the total limit of liability of the respondent for bodily injuries to one person as the result of any one accident.

The Court then held:

> We conclude, as did the lower court, that since the wife of the appellant . . . sustained injury by reason of the negligent operation of an uninsured automobile and has been paid the full amount limited by the uninsured motorist endorsement in case of "bodily injury" to one person, her husband, who has sustained no physical injury, cannot recover from the insurer for consequential damages on account of loss of consortium and reimbursement for medical expenses arising out of the injury to his wife, since he has sustained no "bodily injury" within the meaning of the uninsured endorsement.

*Id.* at 397, 140 S.E. 2d at 791.

Similarly, the United States District Court for the Southern District of Indiana held in *Montgomery v. Farmers Insurance Group*, 585 F. Supp. 618, 619 (1984):

> While two persons assert claims for damages, the claim of the second is for loss of consortium arising from the bodily injury of the first. [Plaintiff's] claim is part of the "damage arising out of bodily injury sustained by one person in any one occurrence" and, therefore, is encompassed within the $25,000 limit. The $50,000 limit could apply only if [plaintiff] had sustained bodily injuries.

*See also Biondino v. Southern Farm Bureau*, 319 So. 2d 152 (Fla. App. 1975) (The Court acknowledged that the wife had sustained damages for loss of consortium, but concluded that the maximum amount of recovery was the limit as to one bodily injury and that the insurer had discharged its responsibility to the wife under the policy.), *cert. denied*, 330 So. 2d 14 (Fla. 1976). *See generally* Annot., 13 A.L.R. 3d 1228 (1967).

Had Donald Hikes suffered no bodily injury, Ethelene Hikes would have suffered no injuries and would have had no claim. Her claim, in our view, is derivative. This position is supported by *Nicholson v. Hugh Chatham Memorial Hospital*, 300 N.C. 295, 304, 266 S.E. 2d 818, 823 (1980), in which our Supreme Court held:

> [A] spouse may maintain a cause of action for loss of consortium due to the negligent actions of third parties so long as that action for loss of consortium is joined with any suit the other spouse may have instituted to recover for his or her personal injuries.

In sum, because the Insurance Company paid its limit of liability to Donald Hikes for his bodily injury, that damage award necessarily included Ethelene Hikes' claim for loss of consortium under the terms of the policy. We need not address the trial court's alleged error in quashing the interrogatories.

For the foregoing reasons, the judgment rendered is

Affirmed.

Judges ARNOLD and WELLS concur.