RICHARD E. HOWARD, A MINOR, AND THROUGH HIS GUARDIAN AD LITEM, JOYCE M. SIGMON, CHARLES E. HOWARD, INDIVIDUALLY, AND JOYCE M. SIGMON, INDIVIDUALLY, PLAINTIFFS v. THE TRAVELERS INSURANCE COMPANIES, TROY D. UNDERWOOD, BEVERLY I. UNDERWOOD AND SAMUEL BRYANT UNDERWOOD, DEFENDANTS

No. 9325SC881

(Filed 5 July 1994)

### Insurance § 686 (NCI4th)— injury to minor child—no bodily injury to parents—parents' claim derivative—no recovery for parents

The trial court properly determined that plaintiffs were entitled to an aggregate award of $100,000 under an insurance policy issued by defendant rather than $100,000 per appellant where the policy limited liability to $100,000 for each person injured in an accident, since the term "all damages" used in the policy's "Limit of Liability" section was all inclusive; plaintiff parents' claim for plaintiff child's medical expenses was derivative in nature; and the parents could not recover since they themselves sustained no bodily injury within the meaning of the policy.

**Am Jur 2d, Automobile Insurance § 425.**

**Consortium claim of spouse, parent or child of accident victim as within extended "per accident" coverage rather than "per person" coverage of automobile liability policy. 46 ALR4th 735.**

**What constitutes single accident or occurrence within liability policy limiting insurer's liability to a specified amount per accident or occurrence. 64 ALR4th 668.**

Appeal by plaintiffs from order and judgment filed 7 June 1993 by Judge Julia V. Jones in Catawba County Superior Court. Heard in the Court of Appeals 21 April 1994.

Plaintiff Richard E. Howard, a minor (hereinafter "the child"), is the son of plaintiffs Charles E. Howard and Joyce M. Sigmon. On 28 September 1990, the child was riding as a passenger in a vehicle driven by Samuel Bryant Underwood, also a minor. Samuel Bryant Underwood's parents, Troy D. Underwood and Beverly I. Underwood, were listed as the named insureds under a Personal Auto Policy issued by defendant The Travelers Insurance Companies ("hereinafter Travelers") which provided inter alia as follows:

**HOWARD v. TRAVELERS INSURANCE COS.**

[115 N.C. App. 458 (1994)]

### DEFINITIONS

. . . .

"Bodily injury" means bodily harm, sickness, or disease, including death that results.

. . . .

### LIABILITY COVERAGE

Coverage A—Bodily Injury
Coverage B—Property Damage

INSURING AGREEMENT

We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident.

. . . .

LIMIT OF LIABILITY

. . . .

1. The limit of liability shown in the Declarations for each person for Coverage A [$100,000 each person/$300,000 each accident] is our maximum limit of liability for all damages for "bodily injury," including damages for care, loss of services or death, sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Coverage A is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

. . . .

The limits of liability shown in the Declarations for this coverage are our maximum limits of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

> 1. "Insureds";
>
> 2. Claims made;
>
> 3. Vehicles or premiums shown in the Declarations; or
>
> 4. Vehicles involved in the auto accident.

(Alterations added.)

In their 14 April 1993 complaint for declaratory judgment, plaintiffs alleged inter alia that the child has incurred "necessary medical expenses" of $305,919.09 and that "as the parents of . . . [the] minor child, [the parents] are liable for the necessary medical expenses of [the minor child], and each has thus been damaged in the aggregate amount of Three Hundred Five Thousand Nine Hundred Nineteen Dollars and Nine Cents ($305,919.09) by reason of the injuries to [the minor child]." Plaintiffs further alleged "that the 'Limits of Liability' language of the policy [supra] is ambiguous and should be construed against the defendant Travelers as its drafter, and that the policy should be construed to afford liability coverage for the defendants Troy D. Underwood, Beverly I. Underwood, and Samuel Bryant Underwood to each of the plaintiffs in the maximum amount of One Hundred Thousand Dollars per plaintiff for damages sustained by each plaintiff by reason of the bodily injuries suffered by [the minor child] . . ."

On 5 May 1993, defendant Travelers filed an answer, alleging that "the coverage for the claims of all three plaintiffs, all of which arise from the alleged bodily injury to [the minor child], is limited to $100,000." Further, defendant Travelers moved for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c). On 7 June 1993, the trial court filed an "order and judgment" ruling that plaintiffs were entitled to an aggregate recovery of $100,000.00 under the policy. Plaintiffs appeal.

*Corne, Corne & Grant, P.A., by Robert M. Grant, Jr., and Peter R. Gruning, for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice, for defendant-appellees.*

EAGLES, Judge.

Plaintiffs contend that the trial court "erroneously declared that the insurance policy at issue in this action affords an aggregate coverage to all of the appellants in the amount of $100,000, rather than $100,000 per appellant, where the language setting the policy's limits is ambiguous." We disagree and affirm.

Regarding the construction of policy language containing allegedly ambiguous terms, our Supreme Court has stated:

Any ambiguity in the policy language must be resolved against the insurance company and in favor of the insured.

*Woods*, 295 N.C. at 506, 246 S.E.2d at 777. A difference of judicial opinion regarding proper construction of policy language is some evidence calling for application of this rule. *See Maddox v. Insurance Co.*, 303 N.C. 648, 654, 280 S.E.2d 907, 910 (1981); *Electric Co. v. Insurance Co.*, 229 N.C. 518, 521, 50 S.E.2d 295, 297 (1948); Annot., "Insurance—Ambiguity—Split Court Opinions," 4 A.L.R. 4th 1253, 1255 (1981). While "[t]he fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is at best, ambiguous," *St. Paul Fire & Marine Ins. Co. v. Freeman-White Assoc., Inc.*, 322 N.C. 77, 83, 366 S.E.2d 480, 484 (1988); *accord Mazza v. Medical Mut. Ins. Co.*, 311 N.C. 621, 630, 319 S.E.2d 217, 223 (1984), "ambiguity . . . is not established by the mere fact that the plaintiff makes a claim based upon a construction of its language which the company asserts is not its meaning." *Trust Co. v. Insurance Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970).

"All parts of a contract are to be given effect if possible. It is presumed that each part of the contract means something." *Bolton Corp. v. T.A. Loving Co.*, 317 N.C. 623, 628, 347 S.E.2d 369, 372 (1986). *See also Williams v. Insurance Co.*, 269 N.C. 235, 240, 152 S.E.2d 102, 107 (1967) ("each clause and word must be . . . given effect if possible by any reasonable construction"); *Robbins v. Trading Post*, 253 N.C. 474, 477, 117 S.E.2d 438, 440-41 (1960).

> The terms of a contract must, if possible, be construed to mean something, rather than nothing at all, and where it is possible to do so by a construction in accordance with the fair intendment of a contract, the tendency of the courts is to give it life, virility, and effect, rather than to nullify or destroy it.

17 Am. Jur. 2d *Contracts* § 254, at 648-49 (1964).

*Brown v. Lumbermans Mut. Casualty Co.*, 326 N.C. 387, 392-93, 390 S.E.2d 150, 153 (1990).

We find the language of the policy clear and unambiguous. Plaintiffs have failed to cite North Carolina case authority in support of their argument, and we are not persuaded. Plaintiffs concede that the "Limit of Liability" language used in the policy here is similar to the policy at issue in *South Carolina Insurance Co. v. White*, 82 N.C. App. 122, 124, 345 S.E.2d 414, 415 (1986). In *White*, the physically injured party, Donald Hikes, suffered injuries from a motorcycle acci-

**HOWARD v. TRAVELERS INSURANCE COS.**

[115 N.C. App. 458 (1994)]

dent in which he was struck by the automobile of Donald and Jane White. The Whites were insured by South Carolina Insurance Company with a policy having limits of $25,000 per person and $50,000 per accident. After the Hikes filed suit against the Whites, Donald Hikes' claim was settled when the insurance company paid him the "per person" policy limits of $25,000 in full settlement of his damage claim. Mrs. Hikes contended that the insurance company was obligated to pay damages to her for loss of consortium arising from Donald Hikes' physical injury. In affirming the trial court's judgment holding that the insurance company had no obligation towards Mrs. Hikes for her derivative claim, this Court stated:

> The term "all damages" used in the policy is all-inclusive. It includes not only direct damages for bodily injury sustained by Donald Hikes, but also any indirect or consequential damages for loss of consortium. Perhaps when the award to the person who sustained the direct bodily injury does not exhaust the maximum policy limits, a consequential or derivative damage claim for the difference may be maintained. But when, as in this case, the policy limit has been exhausted by the settlement of $25,000 paid to the person who sustained the direct bodily injury, all consequential or derivative damage claims for personal injuries are subsumed within the settlement award.

> An analysis of the terms "bodily injury" and "personal injury" helps to clarify the point. Bodily injury refers to "[p]hysical pain, illness or any impairment of physical condition." Black's Law Dictionary 707 (5th ed. 1979). "Personal injury," however, is "used . . . in a much wider sense, and . . . includ[es] any injury which is an invasion of personal rights . . . ." *Id.* at 707. . . .

> . . . .

> Had Donald Hikes suffered no bodily injury, Ethelene Hikes would have suffered no injuries and would have had no claim. Her claim, in our view, is derivative. . . .

> . . . .

> In sum, because the Insurance Company paid its limit of liability to Donald Hikes for his bodily injury, that damage award necessarily included Ethelene Hikes' claim for loss of consortium under the terms of the policy.

HOWARD v. TRAVELERS INSURANCE COS.

[115 N.C. App. 458 (1994)]

*Id.* at 124-126, 345 S.E.2d at 415-16. Similarly, here we conclude that the term "all damages" used in the policy's "Limit of Liability" section here is all-inclusive. *Id.* The parents' claim for the child's medical expenses is derivative in nature; accordingly the parents cannot recover since they themselves have sustained no "bodily injury" within the meaning of the policy. *Id.*; *Sheffield v. American Indemnity Company*, 245 S.C. 389, 397, 140 S.E.2d 787, 791 (1965) (finding no recovery wherein plaintiff-husband sought damages for loss of consortium and *reimbursement for medical expenses* arising out of the injury to his wife; cited in *South Carolina Ins. Co., supra*). We note that our holding here is in accord with numerous other jurisdictions. *See, e.g., Eaves v. Boswell*, 852 S.W.2d 353 (Mo.App. 1993); *Carlson v. Mutual Service Ins.*, 494 N.W.2d 885, 887 (Minn. 1993); *Federal Kemper Ins. Co. v. Karlet*, 189 W. Va. 79, 82, 428 S.E.2d 60, 63 (1993) (and cases cited therein); *Kinsella v. Farmers Ins. Exchange*, 826 P.2d 433 (Colo. App. 1992); *Creamer v. State Farm Mut. Auto. Ins. Co.*, 161 Ill. App.3d 223, 514 N.E.2d 214 (1987). *See generally* 8A J. Appleman and J. Appleman, *Insurance Law and Practice*, § 4893, p.60 (1981 and Supp. 1993); Annotation, *Consortium Claim of Spouse, Parent, or Child of Accident Victim as Within Extended "Per Accident" Coverage Rather than "Per Person" Coverage of Automobile Liability Policy*, 46 A.L.R.4th 735 (1986). We further note that the child's medical expenses ($305,919.09) are approximately three times the per person bodily injury limit of the policy. *See South Carolina Ins. Co.*, 82 N.C. App. at 124, 345 S.E.2d at 415 (stating that "[p]erhaps when the award to the person who sustained the direct bodily injury does not exhaust the maximum policy limits, a consequential or derivative damage claim for the difference may be maintained"). We conclude that the trial court correctly determined that plaintiffs are entitled to an aggregate award of $100,000.00 under the insurance policy.

For the reasons stated, the trial court's 7 June 1993 order and judgment is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.