ROBERTA HOLT, GUARDIAN AD LITEM FOR MARY ELIZABETH HOLT, A MINOR; AND ROBERTA HOLT, PLAINTIFFS V. ATLANTIC CASUALTY INSURANCE COMPANY, DEFENDANT

No. COA99-1481

(Filed 19 December 2000)

1. **Insurance— automobile—parent's claim for minor's medical expenses—derivative of child's claim**

   The trial court properly granted summary judgment for defendant-insurance company on a claim for injuries to the minor plaintiff arising from a car accident where defendant had settled the claim by tendering the per person limit for bodily injury for the minor's injury, but plaintiff-mother contended that her claim for reimbursement of medical expenses was separate from her daughter's claim, so that the aggregate bodily injury limit applied rather than the per person limit. The mother's claim for expenses is derivative in nature and was subsumed in the settlement of the daughter's claim.

2. **Insurance— automobile—medical expenses—not property damage**

   The trial court properly granted summary judgment for defendant-insurance company on a mother's claim under a property damage provision for medical expenses which she paid following her daughter's automobile accident. There is nothing tangible about this claim and it is not properly characterized as a separate claim for lost money compensable as property damage.

Appeal by plaintiffs from order entered 21 June 1999 by Judge Abraham P. Jones in Columbus County Superior Court. Heard in the Court of Appeals 18 October 2000.

*Hill & High, L.L.P., by John Alan High, for the plaintiff-appellants.*

*Johnson & Lambeth, by John G. Tillery, III, for the defendant-appellee.*

LEWIS, Judge.

On 30 March 1995 the minor plaintiff, Mary Elizabeth Holt, was injured in a single-car accident. She was a passenger in an automobile driven by Michael Ray Willoughby. The automobile was insured under an insurance policy issued by Atlantic Casualty Insurance Company ("Atlantic policy"), in which Willoughby was the named insured. The Atlantic policy provided bodily injury liability coverage of $25,000 per person and $50,000 per accident, and property damage liability coverage of $25,000 per accident.

Roberta Holt, Mary Elizabeth's mother, incurred medical expenses for the treatment of her daughter as a result of injuries arising from the accident. Consequently, plaintiffs filed a negligence action against Willoughby seeking to recover for Mary Elizabeth's injuries. Atlantic Casualty Insurance Company ("Atlantic") settled this claim by tendering the $25,000 per person limit for bodily injury for settlement of Mary Elizabeth's injuries under the Atlantic policy.

Despite payment of that policy limit, plaintiffs instituted the present declaratory judgment action against Atlantic asserting that Roberta Holt suffered a separate and distinct injury through payment of her daughter's medical expenses, entitling her to coverage under the Atlantic policy provisions for either bodily injury or property damage. The complaint does not state the total amount of Mary Elizabeth's medical expenses; however, the settlement agreement stipulates that in the event Roberta Holt prevails in the declaratory judgment action, her damages total $8146.45.

On 21 June 1999, the trial court entered summary judgment for Atlantic, concluding that the maximum policy limits had been exhausted and Roberta Holt was not entitled to any additional coverage, citing *Howard v. Travelers Insurance Cos.*, 115 N.C. App. 458, 445 S.E.2d 66 (1994). Plaintiffs appeal.

**HOLT v. ATLANTIC CAS. INS. CO.**

[141 N.C. App. 139 (2000)]

[1] We first address plaintiffs' argument that Roberta Holt is afforded coverage under the bodily injury provisions in the Atlantic policy, despite the fact that Atlantic already tendered the per person limit for bodily injury in favor of Mary Elizabeth. Plaintiffs contend that Roberta Holt's claim for reimbursement of medical expenses is separate from Mary Elizabeth's claim, such that the aggregate bodily injury policy limits of $50,000 apply, instead of the $25,000 per person limit.

The "bodily injury" provisions in the Atlantic policy provide as follows:

## DEFINITIONS

"Bodily injury" means bodily harm, sickness or disease, including death that results.

## LIABILITY COVERAGE

We will pay damages for *bodily injury* or *property damage* for which any insured becomes legally responsible because of an auto accident.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for each person for Bodily Injury Liability Coverage [$25,000 each person/$50,000 each accident] is our maximum limit of liability for *all damages* for bodily injury, including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability Coverage is our maximum limit of liability for *all damages* for bodily injury resulting from any one auto accident. . . . This is the most we will pay as a result of any one auto accident regardless of the number of:

1. Insureds;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

(Emphasis added).

In *Howard*, the parents of a minor child sought to collect for their child's medical expenses in the amount of $305,919.09. 115 N.C.

App. at 460, 445 S.E.2d at 67. The bodily injury limits on the policy at issue were $100,000 per person and $300,000 per accident. *Id.* at 459, 445 S.E.2d at 67. As in this case, the parents in *Howard* contended their claim for medical expenses was separate from their minor child's claim for bodily injury, asserting they were entitled to the full amount of the child's expenses under the aggregate bodily injury limit of $300,000. *Id.* at 460, 445 S.E.2d at 68. Our Court in *Howard* determined that the per person policy limit of $100,000 applied, concluding that "[t]he parent's claim for the child's medical expenses is derivative in nature; accordingly the parents cannot recover since they themselves have sustained no 'bodily injury' within the meaning of the policy." *Id.* at 463, 445 S.E.2d at 69.

The *Howard* opinion was supported by *South Carolina Insurance Co. v. White*, 82 N.C. App. 122, 345 S.E.2d 414 (1986). The "Limit of Liability" language at issue in *White* was similar to the Atlantic policy language in this case. *Id.* at 124, 345 S.E.2d at 415. In *White*, the injured party was insured by a policy with bodily injury limits of $25,000 per person and $50,000 per accident. *Id.* After the insurance company paid the injured party $25,000 in full settlement of his damage claim, his wife sought damages for loss of consortium, asserting that the aggregate policy limit applied. *Id.* The *White* Court held the insurance company had no obligation toward the wife for her derivative claim, stating:

> The term "all damages" used in the policy is all-inclusive. It includes not only direct damages for bodily injury sustained by [the husband], but also any indirect or consequential damages for loss of consortium. Perhaps when the award to the person who sustained the direct bodily injury does not exhaust the maximum policy limits, a consequential or derivative damage claim for the difference may be maintained. But when, as in this case, the policy limit has been exhausted by the settlement of $25,000 paid to the person who sustained the direct bodily injury, all consequential or derivative damage claims for personal injuries are subsumed within the settlement award.

*Id.*

Pursuant to *Howard* and *White*, we conclude Roberta Holt's claim for Mary Elizabeth's medical expenses is derivative in nature. Thus, when Atlantic exhausted the per person limit of $25,000 in settling Mary Elizabeth's claim, who sustained the direct bodily injury, Roberta Holt's derivative damage was subsumed within that settle-

ment award. *Howard*, 115 N.C. App. at 463, 445 S.E.2d at 69; *cf. White*, 82 N.C. App. at 124, 345 S.E.2d at 415 ("Perhaps when the award to the person who sustained the direct bodily injury does not exhaust the maximum policy limits, a consequential or derivative claim for the difference may be maintained.").

**[2]** We next consider plaintiffs' contention that Roberta Holt is entitled to recover under the property damage provisions of the Atlantic policy. As previously noted, the policy provides coverage for "property damage," which is defined as "physical injury to, destruction of or loss of use of *tangible property*." (Emphasis added). Plaintiffs contend that Roberta Holt lost the use of her money through payment of her daughter's medical expenses, and that money is "tangible property," entitling her to coverage under this provision.

At least one other court has addressed this issue, and concluded that a parent may not recover medical expenses resulting from injury to its minor child under the property damage provision in an insurance policy. *Virginia Farm Bureau Mutual Ins. Co. v. Frazier*, 440 S.E.2d 898 (Va. 1994). The property damage provision in *Frazier* similarly afforded coverage for damage to tangible personal property, and not for damage to intangible personal property. *Id.* at 900. The *Frazier* court concluded that the parents' claims for damages sustained by reason of paying their minor daughter's medical expenses constituted intangible property, and thus did not qualify as property damage. *Id.* at 901.

We also conclude there is nothing tangible about Roberta Holt's claim for damages sustained by reason of paying her daughter's medical expenses. Roberta ultimately seeks coverage for the medical expenses arising from her daughter's bodily injury. Her claim is not properly characterized as a separate claim for lost money compensable as property damage, as plaintiffs contend.

The trial court did not err in granting summary judgment in favor of Atlantic.

Affirmed.

Judges WYNN and HUNTER concur.