Vera WHITE, personal representative of
the Estate of Movita Ruth White
Dumont, deceased, Appellant,

v.

EQUITY FIRE & CASUALTY
COMPANY, Appellee.

No. 73083.

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 19, 1991.

Rehearing Denied April 9, 1991.

Certiorari Denied May 29, 1991.

As Corrected May 30, 1991.

Larry D. Muse, Oklahoma City, for appellant.

Mark E. Bialick, Stephen S. Boaz, Oklahoma City, for appellee.

## OPINION

GARRETT, Presiding Judge:

Movita Ruth Dumont (Dumont) died as a result of an automobile accident on May 7, 1985, while a passenger in a vehicle owned and driven by Hope G. Jones (Jones). It was stipulated that Dumont was not negligent; and, Jones' negligence was the proximate cause of Dumont's death. The parties stipulated that Jones was an uninsured motorist at the time of the accident. Prior to her death, Dumont was living with her two sons and her parents in the home of her parents, Nelson and Vera White. Nelson was the named insured on an automobile policy, which included uninsured motorist coverage, issued by Equity Fire & Casualty Company (Appellee). Dumont was covered under Nelson's policy as a "family member" of the named insured. Vera White (Appellant) is the personal representative of Dumont's Estate.

The subject policy provided uninsured motorist coverage in the amount of $10,000.00 per person and $20,000.00 per accident. Appellant filed a claim under the policy against Appellee, seeking $20,000.00. Appellee asserts that the $10,000.00 per person limit was applicable. Pursuant to agreement, Appellee paid Appellant $10,000.00, with the understanding that the parties would litigate the issue of whether Appellee was liable for an additional $10,000.00. Following a trial, judgment was entered for Appellee.

■ Appellant contends Appellee's liability is determined by the policy's "per accident" limit. This contention is based upon the argument that each person surviving Dumont is deemed to have a separate, compensable claim. Thus, because each survivor's claim exceeds $10,000.00, and because the combined claims exceed the per accident limit of $20,000.00, the per accident limit of $20,000.00 is applicable. Appellant cites *Gleason v. City of Oklahoma City,* 666 P.2d 786 (Okl.App.1983) (cert. denied 1983), to support her argument. However, *Gleason,* did not involve a claim under the Uninsured Motorist statute, 36 O.S.1981 § 3636. It involved a claim under the Political Subdivision Tort Claims Act and the interpretation of that act. It is distinguishable from the present case. We are considering the liability of Appellee under the uninsured motorist clause of its policy. We are not considering any other claim that Dumont's survivors may have against Jones, or any other person, and we express no opinion in that regard.

Survivors may seek damages under Oklahoma's Wrongful Death Statute, 12 O.S. 1981 § 1053. This type of action is brought by the personal representative in one action for all of the survivors, and the damages recovered, if any, are distributed accordingly. However, the wrongful death statute may not be used to enlarge the terms of the insurance policy or to expand the damages allowed thereunder. In this case, the right to receive damages under the wrongful death statutes must be considered within the parameters of the policy and the uninsured motorist statutes. 12 O.S.1981 § 1053(A) provides:

A. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, *if the former might have maintained an action, had he lived,* against the latter, or his representative, for the same act or omission.... (Emphasis added).

■ The right of the personal representative to maintain a wrongful death action is "predicated solely upon the right of action which was personal to the deceased had he lived." *Hill v. Graham,* 424 P.2d 35, 37–38 (Okl.1967). Before there is liability under the wrongful death statute, the deceased must have had a right of recovery for the injury at the time of his death. *Haws v. Luethje,* 503 P.2d 871, 874–75 (Okl.1972). Appellant's claim, brought on behalf of Dumont's survivors, is derivative to the claim Dumont would have if she were prosecuting the claim herself. She would be limited to the per person limit under the subject policy and under Oklahoma's uninsured motorist statute, 36 O.S.1981 § 3636 (since amended). Subdivision (B) of § 3636 provides in part:

(B) The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder *who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.* (Emphasis added).

Appellant attempts to bring each survivor within the above statutory language as the person who suffered bodily injury or death because of the uninsured motorist. The survivors are not "covered persons" under the policy with regard to *this* claim. They suffered no bodily injury due to the uninsured motorist's negligence. To recover under 36 O.S.1981 § 3636, a "claimant", must have suffered "bodily injury, sickness or disease, including death". The parties stipulated that Appellee's policy provides

that $10,000.00 is the limit of liability that will be paid "for all damages for bodily injury sustained by *any one person in any one accident.*" (Emphasis added). Dumont was the person who sustained the injury, not her survivors. They receive only the rights she would have had. Appellee's policy is consistent with 36 O.S.1981 § 3636(B). The trial court correctly held the limit of liability was $10,000.00.

AFFIRMED.

HUNTER, C.J., concurs.

HANSEN, J., dissents.