**ECONOMY FIRE & CASUALTY COMPANY, an Illinois Company, Plaintiff,**

v.

**Ralph FAULKNER and Carmen Faulkner, Defendants.**

**No. CIV–91–0187–C.**

United States District Court, W.D. Oklahoma.

July 10, 1991.

F. Lovell McMillin, Fischl Culp McMillin Chaffin & Bahner, Ardmore, Okl., for plaintiff.

Gregory E. McCracken, Miskovsky & McCracken, Oklahoma City, Okl., for defendants.

ORDER GRANTING SUMMARY JUDGMENT

CAUTHRON, District Judge.

At issue is plaintiff Economy Fire & Casualty Company's motion for summary judgment in this declaratory judgment action seeking a determination of plaintiff's liability. Plaintiff's motion was filed May 22, 1991. Defendants responded on July 1, 1991, opposing the motion, and requested this Court to certify the issue to the Oklahoma Supreme Court for determination pursuant to Okla.Stat. tit. 20, §§ 1601–11. For the reasons set forth below, the Court denies defendants' request for certification, and grants plaintiff's motion for summary judgment.

### Preliminary Observations

The Court first notes that neither party complied with Rule 14(B) of the Western District of Oklahoma's Local Rules, requiring a motion to set forth "a concise statement of material facts as to which ... no genuine issue exists." Additionally, plaintiff failed to comply with Rule 13(B) which requires the identification of the moving party in the motion's title. The Court finds, however, that these transgressions should not affect the resolution of the pending motions. Counsel are admonished to comply with all pertinent rules in all future filings with this Court.

Defendants' response to plaintiff's motion for summary judgment contains a motion for certification of this question to the Oklahoma Supreme Court. For the reasons set forth below, this Court finds the matter capable of determination and resolution, and believes that certification to the Oklahoma Supreme Court would result in needless delay and additional burden on an already overburdened state court system. Defendants' motion for certification is therefore denied.

### Background Facts

Michael C. Faulkner, the 19 year old son of defendants, died as a result of injuries sustained in a 1989 automobile accident. Michael was a passenger in a vehicle driven by Robert Ratcliff. Before Michael's death, he instituted an action against Robert in the District Court of Comanche County, Oklahoma, Case No. CJ–90–36, styled "Michael C. Faulkner, Plaintiff, versus Robert Ralph Ratcliff and Comanche County, Defendants." Michael's death gave a cause of action to his parents, defendants in this case, pursuant to Oklahoma's Wrongful Death Act. *See* Okla. Stat.Ann. tit. 12, § 1053 (1988).

Robert was covered under a policy of automobile liability insurance issued by plaintiff. Coverage was provided for bodily injury liability and uninsured motorist coverage, both having liability limits of $25,000 "each person" and $50,000 "each accident." Plaintiff paid defendants, as the personal representatives of Michael Faulkner's estate, $25,000 under the bodily injury liability coverage, *and* $25,000 under the uninsured motorist coverage. Plaintiff contends that the "each person" limits of $25,000 for each of the two coverages are applicable and that, because *one* person was injured, namely Michael, and because it has paid such amount to defendants, it incurs no further liability, and is entitled to a judgment in this action declaring its liability extinguished. Defendants, on the other hand, claim that *they* were injured by their son's death, and that they are *each* entitled to the "each person" limits of both coverages, and therefore plaintiff is liable to them in the additional sum of $50,000.

### Insurance Policy

The declaration page of the insurance policy issued by plaintiff shows the following coverages:

| Bodily injury | $25,000 each person |
| | $50,000 each accident |

| Uninsured motorist | $25,000 each person |
| Bodily injury | $50,000 each accident |

The text of the insurance policy's uninsured motorist coverage contains the following clause:

Limit of Liability.

The limit of liability shown in the Declarations is the maximum amount payable for uninsured motorist coverage by this policy for any one accident. This means the insuring of more than one auto for other coverage afforded by this policy will not increase our limit of liability beyond the amount shown in the Declarations. This is the most we will pay regardless of the number of insured autos under this coverage. The specific amount shown in the Declarations is the maximum we will pay under this policy for:

1. each person for all damages arising out of bodily injury to any one person in any one auto accident.

2. each accident for all damages arising out of bodily injury to two or more persons in any one auto accident. This accident limit is subject to the each person limit. (Emphasis added.)

The text of the insurance policy's bodily injury liability coverage contains the following clause:

Limit of Liability.

A. The limit of liability shown in the Declarations for each person for bodily injury liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of *bodily injury sustained by any one person* in any one auto accident.... (Emphasis added.)

### Discussion

Plaintiff's position is that because Michael was *the* person killed or injured in the accident, the "each person" liability limits apply to him, and that $25,000 was the maximum liability under each coverage. Defendants, on the other hand, argue that they, as Michael's parents, have *both* been injured by the death of their son, and should each be considered a person under the policy. Therefore, plaintiff should be held to the "each accident" limits.

There is no Oklahoma statute governing this dispute. The Oklahoma Supreme Court has not addressed this issue. However, the Oklahoma Court of Appeals has apparently addressed this very issue in a recently published opinion. *See White v. Equity Fire and Casualty Company*, 823 P.2d 953 (Okla.App.1991). The Oklahoma Supreme Court denied certiorari, without comment, on this case. Pursuant to Oklahoma Rule of Appellate Procedure 1.200–C–B, *White* is persuasive but not precedential authority. *See also* Okla.Stat. tit. 20, § 30.5. This Court finds *White* persuasive, but moreover, the law applicable in *White* controls the disposition of this case as well.

*White* involved a situation quite similar to the instant case. The survivors of a passenger killed in an automobile accident sought the "per accident" limits of the insurance policy. The insurer sought a determination that its liability should be determined under the "per person" limit, as the decedent was the only person injured in the accident.

The Court of Appeals observed that the survivors' cause of action arose solely under Oklahoma's Wrongful Death Act. Without the Wrongful Death Act, they would not have been able to prosecute their case. The provisions of the Wrongful Death Act extend to survivors *only the rights held by the decedent. Hill v. Graham*, 424 P.2d 35, 37–38 (Okla.1967); *see also Haws v. Luethje*, 503 P.2d 871, 874–75 (Okla.1972).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Redmon v. United States*, 934 F.2d 1151 (10th Cir.1991); Fed.R.Civ.P. 56(c). The movant need only point to those portions of the record which demonstrate an absence of a genuine issue of material fact given the relevant substantive law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, these is 'no genuine issue for trial.'" *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), *citing First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

■ This Court finds that plaintiff is entitled to summary judgment for two independent reasons. First, the plain and unambiguous language of the of the insurance policy is that the "each person" limit refers to the person actually physically injured in the automobile accident. To extend the meaning of "each person" to the injured person's parents, spouse, children, or others who could conceivably bring a cause of action against a tortfeasor for the injuries of the claimant would gut the purpose of the "each person" and "each accident" provisions. This Court declines to find that defendants are each persons entitled to the "each person" coverage limit.

■ Insurance contracts are contracts of adhesion, and where the contract is susceptible of two constructions, the construction

most favorable to the insured must be adopted. *Wilson v. Mid–Continent Life Ins. Co.*, 159 Okla. 191, 14 P.2d 945 (1932). The Court finds it unnecessary to apply this rule, as the insurance provisions in dispute here are not capable of more than one rational interpretation. The policy's plain and unambiguous meaning was that the "each person" coverages are for the person actually present and injured in the accident.

■ The second and perhaps most compelling reason that plaintiff is entitled to summary judgment is because of the Wrongful Death Act. Defendants hold, through the Wrongful Death Act, only the right to maintain a cause of action which their son could have maintained. Certainly their son could have recovered only the "each person" limits. The Wrongful Death Act does not expand the scope of claims or the number of persons entitled to bring an action, but merely entitles someone to bring what the decedent could have brought himself. For this reason as well as that cited above, this Court believes plaintiff's position is correct that there is no genuine issue of fact, that by the clear terms of the policy, plaintiff has satisfied its obligations, and that summary judgment should enter.

### Conclusion

For the reasons cited above, the Court finds that there is no genuine issue of material fact. Defendants' motion for certification of this question to the Oklahoma Supreme Court is denied, and plaintiff's motion for summary judgment is granted.

A judgment shall enter accordingly.

IT IS SO ORDERED.