**Billie Susan HARDIN, Individually and as Administratrix of the Estate of James Thomas Hardin, Deceased, Appellant,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY COMPANY,**
**Appellee.**

**No. 77054.**

Court of Appeals of Oklahoma,
Division No. 3.

April 7, 1992.

Certiorari Denied Oct. 13, 1992.

As Corrected Oct. 14, 1992.

Patrick E. Carr, Tulsa, for appellant.

Stephen S. Boaz, Oklahoma City, for appellee.

OPINION

HUNTER, Judge:

The sole question presented for our review in this wrongful death case based upon Oklahoma's uninsured motorist statute, 36 O.S.1981 § 3636, is whether the insurance company's liability is determined by the policy's "each person" or "each accident" limit.

James Thomas Hardin was killed in an automobile accident in September, 1988,

while driving on the Turner Turnpike. The driver of the other car, an underinsured motorist, was also killed and Appellant, Hardin's wife, was seriously injured. Appellant filed this action against Appellee, Hardin's insurance company, seeking recovery of uninsured motorist benefits as administratrix of Hardin's estate and on behalf of herself and Hardin's two children. Appellee subsequently paid Appellant $200,000, which represented full payment of uninsured motorist coverage for "each person" under the terms of the insurance policy. Appellant further sought recovery of an additional $200,000 under the "each accident" provision of the policy. Appellee filed a motion for summary judgment, alleging that it had fulfilled its obligation under the insurance policy and that Appellant was not entitled to further payment under the "each accident" provision. The trial court granted summary judgment to Appellee and this appeal followed.

Appellant contends the trial court erred in granting summary judgment because Appellee's liability should be determined by the policy's "each accident" limit and as such, each of Hardin's survivors is entitled to a separate, compensable claim. The insurance policy issued by Appellee provided:

[t]he limit stated under Uninsured Motorist—Each Person on the declarations is the limit of our liability for all damages, including damages for care or loss of services, arising out of bodily injury to one person as a result of any one accident.

and,

[t]he limit stated under Uninsured Motorists—Each Accident on the declarations is the limit of our liability for all damages, including damages for care or loss of services, arising out of bodily injury as a result of any one accident.

and,

The maximum amount we'll pay to an insured person under this part can be found on the Declarations Page under "PROTECTION AGAINST UNINSURED MOTORISTS—EACH PERSON.

The trial court determined summary judgment was appropriate because the insurance policy was unambiguous and subject to only one interpretation, finding Appellee's liability under the "each person" limitation meant the total dollar amount of liability for damages to each insured, which had been fully paid to Appellant. The trial court found the "each accident" limitation merely limits the total dollar amount of liability for each accident irrespective of the number of claims for damages that may exist. The trial court found Appellee was entitled to judgment as a matter of law because it had fully compensated Appellant under the terms of the policy. We agree. In *White v. Equity Fire & Casualty Co.*, 823 P.2d 953 (Okl.App., 1991) (cert. denied), Division 3 of the Court of Appeals conclusively determined this precise issue, finding under the same facts, that a claim brought by a deceased's survivors, is derivative of the claim the deceased would have if he filed the claim himself and that survivors are limited to the per person limit under the policy and under Section 3636(B), which provides in pertinent part:

The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder *who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.* (Emphasis ours.)

As explained in *White, supra* at 954:

Appellant attempts to bring each survivor within the above statutory language as the person who suffered bodily injury or death because of the uninsured motorist. The survivors are not "covered persons" under the policy with regard to *this* claim. They suffered no bodily injury due to the uninsured motorists negligence. To recover under 36 O.S.1981 § 3636, a 'claimant', must have suffered 'bodily injury, sickness or disease, including death'. The parties stipulated that Appellee's policy provides that $10,000.00 is the limit of liability that will be paid "for all damages for bodily injury sustained by *any one person in any one*

*accident."* (Emphasis added). Dumont was the person who sustained the injury, not her survivors. They receive only the rights she would have had. Appellee's policy is consistent with 36 O.S.1981 § 3636(B). The trial court correctly held the limit of liability was $10,000.00.

In this case, we are not dealing with Appellant's own claim for personal injury she sustained in the accident, but strictly with her claim stemming from her husband's death. Appellant is entitled only to the $200,000 "each person" limit under the policy, which Appellee has fully paid. *White, supra; Hill v. Graham,* 424 P.2d 35 (Okl. 1967). Her lawsuit has no basis in law and the trial court properly granted summary judgment to Appellee.

The trial court's judgment is hereby AFFIRMED.

JONES, J., concurs.

HANSEN, V.C.J., dissents.