Argued and submitted September 13, 1991, reversed and remanded for entry of judgment for plaintiff June 24, 1992

# MUTUAL OF ENUMCLAW INSURANCE COMPANY,
*Appellant,*

*v.*

# Phyllis KNIGHT,
Personal Representative of
the Estate of David F. Knight, Deceased,
*Respondent.*

(9003-01792; CA A65945)

833 P2d 339

Bruce L. Mowery, Portland, argued the cause for appellant. With him on the briefs was Wendy Kent Vetterlein, Portland.

James M. Callahan, Portland, argued the cause for respondent. With him on the brief was Frank Susak, Portland.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff insurer sought a declaratory judgment regarding its policy's coverage.[1] Both parties moved for summary judgment. The trial court ruled for defendants. Plaintiff appeals, and we reverse.

Plaintiff issued Roy and Carrin Schafer a motor vehicle insurance policy. On July 16, 1986, defendant's decedent was riding a bicycle when he was struck and killed by a vehicle driven by one of the Schafers. Defendant filed a wrongful death action in circuit court. A judgment for $300,000 was entered against the Schafers.

■       Plaintiff then filed this action to determine its liability under the policy. The sole issue is whether defendant's claim was subject to the $100,000 "each person" limit in the policy or the $300,000 "per accident" limit. The trial court held that the "per accident" limit applies.

The policy provides, in part:

"1.   *We* will pay all sums the *insured* must legally pay as damages, because of *bodily injury* or *property damage* to which this insurance applies.

"* * * * *

"E.   OUR LIMIT OF LIABILITY

"1.   Regardless of the number of covered *cars, insureds, claims made,* vehicles involved in the *accident* or premiums shown on the Coverage Page, the most *we* will pay for all damages resulting from one *accident* is the applicable LIABILITY INSURANCE limit shown on the Coverage Page for the covered *car.*" (Some emphasis supplied; some emphasis in original.)

---

[1] In its complaint, plaintiff named only "Phyllis Knight, Personal Representative of the Estate of David F. Knight, deceased" as the opposing party. Plaintiff did not name Phyllis Knight in her personal capacity or in her capacity to sue on behalf of her four children. Defendant does not question the court's authority to resolve this claim in the absence of the other parties.

The declaration page of the policy states:

"COVERAGE                LIMITS OF LIABILITY

"SEPARATE LIMITS

"BODILY INJURY         $100,000 EACH PERSON

"$300,000 EACH ACCID"

Under the policy, "bodily injury" is defined as bodily injury, sickness or disease, including death resulting therefrom.

Plaintiff contends that, regardless of the number of claims made, the policy provides for a maximum $100,000 recovery for all claims, direct or consequential, from the single bodily injury to the decedent. Defendant contends that "each person" does not mean each person who suffers a bodily injury. Instead, she contends that plaintiff is legally obligated to pay all damages "because of bodily injury." In this case, 5 people—the decedent's wife and 4 children—allegedly suffered damages because of bodily injury to the decedent. Therefore, defendant argues, each of those persons is entitled to recover under the policy up to a total of $300,000.

■ An insurance policy covers the liability of an insured tortfeasor, within the limits set in the policy. The policy's language is given its plain, everyday meaning whenever possible. *Mortgage Bancorp. v. New Hampshire Ins. Co.*, 67 Or App 261, 264, 677 P2d 726, *rev den* 297 Or 339 (1984). The policy states that "regardless of the number of * * * *claims made*, * * * the most [plaintiff] will pay for all damages resulting from one accident is the * * * limit shown on the Coverage Page." That limit is $100,000, regardless of the number of claims, for injuries, direct or consequential, because of bodily injury to one person.[2] Because only one person received a bodily injury, the each person limits of the policy apply. *Viking Insurance of Wisconsin v. Popken, supra* n 2, 102 Or App at 663. The trial court should have denied defendant's motion for summary judgment and granted plaintiff's.[3]

---

[2] We have held that bodily injury does not include coverage for loss of services unless the policy defines "bodily injury" to include loss of services. *Viking Insurance of Wisconsin v. Popken*, 102 Or App 660, 795 P2d 1091, *rev den* 310 Or 547 (1990).

[3] Defendants also rely on *Christensen v. Epley*, 287 Or 539, 601 P2d 1216 (1979), which interpreted the Oregon Tort Claims Act (OTCA). ORS 30.270(1) (*since*

Reversed and remanded for entry of a judgment for plaintiff.

*amended by* Or Law 1987, ch 915, § 13). OTCA then contained liability limits of $100,000 "to any claimant." The court held that each statutory beneficiary of a decedent under OTCA had a separate and distinct claim for damages as a result of the decedent's death. Defendants contend that plaintiff's policy limit of $100,000 to "each person" is comparable to OTCA's limit of $100,000 per claimant. We disagree. ORS 30.270(1) provided for damages for "any claimant," which included claims for loss of services. Plaintiff's policy does not use that language.