Murl LITTLEFIELD, individually and as surviving spouse and as personal representative of the Estate of Linda Littlefield, deceased, Appellee.

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Insurance Corporation, and State Farm Mutual Automobile Insurance Company, an Illinois Insurance Corporation, Appellants.

No. 76449.

Supreme Court of Oklahoma.

July 20, 1993.

Dennis King and Jeffrey L. Wilson, Tulsa, for appellants.

Richard W. Lowry, Donna L. Smith and David E. Jones, Vinita, for appellee.

KAUGER, Justice.

The first impression question presented is whether an uninsured motorist insurance policy which limits payment based on the number of persons "bodily injured" is ambiguous. The precise issue is whether a claim for "bodily injury" based on the loss of consortium by a spouse, who is not

involved in an accident, is payable under the "per person" or "per accident" policy limit. If the "per accident" provision is applicable, the spouse may recover $20,000 under the terms of each of the policies. If it is not, the "per person" compensation is $10,000 under each policy. We find that the loss of spousal consortium is not a separate "bodily injury" insofar as it relates to the "each accident" limits of the uninsured motorist insurance contract. Because the policy language is unambiguous—referring to "all damages due to bodily injury to one person"—and because only the wife suffered physical injury, the "each person" limit applies.

## FACTS

On April 24, 1990, Margaret Odle (Odle), an underinsured motorist, ran a stop sign and collided with Linda Littlefield's (wife) vehicle. The wife and the appellee, Murl Littlefield (Littlefield/insured husband), were insured by two State Farm insurance policies.[1] The policies contain uninsured or underinsured motorist (UM) coverage and provide limits of liability based on the number of people injured. The maximum limits under these policies are:

"Under 'per person'—$10,000 because of bodily injury to one person in any one accident."

"Under 'per accident'—$20,000 because of bodily injury to two or more persons in any one accident."

Littlefield sued Odle for negligence, wrongful death and loss of consortium.[2] The facts were stipulated, and Odle's insurance carrier paid its policy limits. In addition, State Farm paid the $10,000 "per person" limits of the UM coverage under both policies for the wife's wrongful death. These payments settled all aspects of the negligence and wrongful death actions.

At issue here is whether the loss of consortium claim is to be paid under the "per person" limits of the UM policies or under the "per accident" limits. Both parties agree that Littlefield's loss of consortium

---

1. State Farm Fire and Casualty insured the pickup truck involved in the accident and State Farm Mutual Automobile Insurance Company insured an Oldsmobile Cutlass owned by the Littlefields. Both policies include coverage for UM motorists under Section III—Uninsured Motor Vehicle—Coverage U. In pertinent part, the section provides:

"We will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle**. The **bodily injury** must be caused by accident arising out of the operation, maintenance or use of an **uninsured motor vehicle**. [sic]
"**Who Is an Insured**
**Insured**—means the **person** or **persons** covered by uninsured motor vehicle coverage. This is:
1. The first **person** named in the declarations;
2. his or her **spouse** ...
5. any **person** entitled to recover damages because of **bodily injury** to an **insured** under 1 through 4 above."
Further into Section III appears the language for limiting liability:
"**Limits of Liability**
1. The amount of coverage is shown on the declarations page under 'Limits of Liability—U—Each Person, Each Accident.' Under 'Each Person' is the amount of coverage for all damages due to **bodily injury** to one **person**. Under 'Each Accident' is the total amount of coverage for all damages due to **bodily injury** to two or more **persons** in the same accident....
3. The limits of liability are not increased because more than one **person** is **insured** at the time of the accident."
Relevant definitions are included on the first page of the policies.
"**Bodily Injury**—means bodily injury to a **person** and sickness, disease or death which results from it.
**Insured**—means the **person, persons,** or organization defined as **insureds** in the specific coverage."
In Section II—Medical Payments—Coverage C, the policy mentions "bodily injury" briefly while discussing medical expenses. The section explains that medical payments for bodily injuries are payable under the policies. The medical expenses for bodily injury will be payable to
"1. a. The first **person** named in the declarations;
b. his or her **spouse** ...
These **persons** have to sustain the **bodily injury:**
a. while they operate or **occupy** a vehicle covered under the liability section; or
b. through being struck as a **pedestrian....**" (Emphasis in original.)

2. Additionally, Littlefield sued the State Farm defendants for breach of contract and bad faith dealing. Both of these causes of action were eventually dismissed with prejudice.

damages were at least $45,000. Of this amount, Odle's insurance carrier paid its $25,000 limit. This leaves at least $20,000 of the consortium claim unsatisfied. Both parties filed motions for summary judgment. The insured husband argued that the policies' language was ambiguous. He insisted that his loss of consortium claim should be considered a separate "bodily injury" under the policies, thus invoking the "per accident" limits. State Farm asserted that the policy terms relating to bodily injury were unambiguous and that the loss of consortium claim was payable under the lower "per person" limit. Finding the policy language ambiguous, the trial court granted summary judgment in favor of the husband. The insured husband was awarded $20,000, the amount remaining under the "per accident" limits of each policy. The Court of Appeals, Division 2, affirmed. Certiorari was granted to decide a first impression question in this Court.

**THE LOSS OF SPOUSAL CONSORTIUM IS NOT A SEPARATE "BODILY INJURY" INSOFAR AS IT RELATES TO THE "EACH ACCIDENT" LIMITS OF THE UNINSURED MOTORIST INSURANCE CONTRACT. BECAUSE THE POLICY LANGUAGE IS UNAMBIGUOUS—REFERRING TO "ALL DAMAGES DUE TO BODILY INJURY TO ONE PERSON"— AND BECAUSE ONLY THE WIFE SUFFERED PHYSICAL INJURY, THE LOWER "EACH PERSON" LIMIT APPLIES.**

■ The insurer argues that the UM policies limit recovery based on the number of people actually injured in an automobile accident. Under this scenario, liability would be based on the "per person" limits of the policy because the wife was the only person physically present and injured in the accident. However, the husband contends that the language in the insurance policies is ambiguous, and that the policies must be construed in his favor and against the insurer. Because of this, he argues that his loss of consortium claim is a separate "bodily injury" claim covered under the policies. He asserts that there are two compensable "bodily injuries", his and his wife's, bringing the policies' "per occurrence" limits into effect.

■ Title 36 O.S.1991 § 3636 allows recovery under a UM policy for physical injury claims and for other claims a person may suffer because of an accident.[3] Subsection B states that any UM policy issued in Oklahoma must provide coverage "for the protection of persons ... who are legally entitled to recover ... because of bodily injury, sickness or disease, including death ..." In Oklahoma, a person is legally entitled to recover damages for the loss of spousal consortium.[4] The State Farm policies at issue do provide this coverage. Under Section III—Coverage U, an insured is defined as both a covered person's spouse and any person entitled to recover damages because of bodily injury to an insured. Section 3636 does not identify which limit of liability must cover derivative claims such as loss of consortium. Insurers are free to set limits of liability in individual policies.[5]

---

**3.** Title 36 O.S.1991 § 3636—"Uninsured Motorist Coverage"—provides in pertinent part:

"A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by one person arising out of the ownership, maintenance or use of a motor vehicle shall be issued ... unless the policy includes the coverage described in subsection B of this section.

B. The policy referred to in subsection A of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages ... because of bodily injury, sickness, or disease, including death resulting therefrom."

**4.** *Howard v. Mansell,* 430 P.2d 9, 10 (Okla.1967); *Ruland v. Zenith Construction Co.,* 283 P.2d 540, 541 (Okla.1955) (spouse has claim for loss of services); *Aderhold v. Stewart,* 172 Okl. 77, 46 P.2d 346, 347–48 (1935) (loss of services claim available). See also, *GEICO v. Fetisoff,* 958 F.2d 1137, 1142 (D.C.Cir.1992) (damages for loss of services includes loss of consortium and other like claims).

**5.** *C.P.A. Co. v. Jones,* 263 P.2d 731, 734 (Okla.1953); *Bolding v. Prudential Ins. Co. of America,* 841 P.2d 628, 630–31 (Okla.App.1992).

■ In the State Farm policies at issue, the liability limits provide:

"Under 'Each Person' is the amount of coverage for all damages due to **bodily injury** to one **person**. Under 'Each Accident' is the total amount of coverage for all damages due to **bodily injury** to two or more **persons** in the same accident." (Emphasis in original.)

Insurance contracts are contracts of adhesion. If susceptible of two constructions, the contract will be interpreted most favorably to the insured and against the insurance carrier.[6] If the contractual language is ambiguous as to which limit applies for consortium claims, then the policy must be construed in favor of the insured.[7] However, a policy is ambiguous only if it is susceptible to two interpretations.[8] If the language is unambiguous, it is construed in its "plain and ordinary sense."[9]

■ The language in the policies under Section III—Coverage U alone is unambiguous. References to "bodily injury to each person" refer to the insured persons who were actually present and injured in an accident.[10] Where a policy states that "each person" limits apply for *all* damages due to bodily injury, then *all* damages that anyone may have because of that injury are included under that limit.[11] The word "all" is "one of the least ambiguous in the

English language [leaving] no room for uncertainty."[12]

■ Under Coverage C,[13] the State Farm policies also refer to bodily injury. While this section does not encompass the UM coverage, reference is made to all provisions of a policy before deciding whether ambiguities exist.[14] Because bodily injury is defined on the definitions page only as "bodily injury, sickness, disease or death ...", other portions of the policy may be looked to for more clarification. Coverage C states that payments for bodily injury are payable only for people who "operate or occupy a vehicle ... or [are] struck as a pedestrian." A thorough reading of the complete policy reveals that a bodily injury **is an injury suffered by someone actually involved in an accident.**

Additionally, the State Farm policies provide that the "limits of liability are not increased because more than one **person** is insured." (Emphasis supplied.) This language indicates that limits for people *bodily injured* is different from the number of people *insured*. The husband is an *insured*. However, the policy unambiguously dictates that status as an insured does not allow recovery under the higher limits if the insured is not injured in the accident. The policies differentiate between an "insured" and a "bodily injured" person.[15]

---

**6.** *Dodson v. St. Paul Ins. Co.,* 812 P.2d 372, 376–77 (Okla.1991); *Wilson v. Travelers Ins. Co.,* 605 P.2d 1327, 1329 (Okla.1980).

**7.** *Wilson v. Travelers Ins. Co.,* see note 6, supra; *Wilson v. Mid–Continent Life Ins. Co.,* 159 Okl. 191, 14 P.2d 945, 946–47 (1932); Annot., "Construction and Application of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person," 13 A.L.R.3d 1228, 1230 (1968).

**8.** *Wilson v. Travelers Ins. Co.,* see note 6, supra.

**9.** *Continental Oil Co. v. National Fire Ins. Co. of Conn.,* 541 P.2d 1315, 1320 (Okla.1975).

**10.** *State Farm Mut. Auto. Ins. Co. v. Eubanks,* 785 F.2d 1346, 1349 (5th Cir.1986) (applying Mississippi law).

**11.** *Weekley v. State Farm Mut. Auto. Ins.,* 537 So.2d 477, 479 (Ala.1989).

**12.** *GEICO v. Fetisoff,* see note 4, supra; *South Carolina Ins. Co. v. White,* 82 N.C.App. 122, 345 S.E.2d 414, 415 (1986).

**13.** This is under Section III for medical payments.

**14.** *Dodson v. St. Paul Ins. Co.,* see note 6, supra; *Bolding v. Prudential Ins. Co. of America,* see note 5, supra; *Lister v. American United Life Ins. Co.,* 797 P.2d 832, 833–34 (Colo.App.1990); *Home Life Ins. Co. v. Clay,* 13 Kan.App.2d 435, 773 P.2d 666, 676 (1989).

**15.** *Lampton v. United Services Auto. Ass'n.,* 835 P.2d 532, 534 (Colo.App.1992) ("regardless of number of claims made"); *Mutual of Enumclaw Ins. Co. v. Knight,* 113 Or.App. 489, 833 P.2d 339, 340 (1992) ("regardless of number of claims made"); *Richie v. American Family Mut. Ins. Co.,* 140 Wis.2d 51, 409 N.W.2d 146, 147 (1987) ("... no matter how many ... insured persons ... involved").

The Court of Appeals in *White v. Equity Fire and Cas. Co.*, 823 P.2d 953, 954 (Okla.App.1991), decided a case which, even though not binding on this Court, is nevertheless quite helpful.[16] The *White* Court held that "bodily injury" was not an ambiguous term. There, the policy language provided a "per person" limit "for all damages for bodily injuries sustained by any one person in any one accident." Although it did not involve a loss of consortium claim, the court found that a wrongful death claimant had not suffered a separate bodily injury from that of the person physically injured in an accident.[17] Under the *White* analysis, the husband's derivative loss of consortium claim would not be considered a bodily injury. The wife was the only person injured in the automobile accident. The husband's damages are a result of the wife's injury. While the husband may have suffered emotionally, he has not incurred a bodily injury within the meaning of the policy. The husband's damages are due to the accident that caused his wife's death. As the State Farm policies provide, "all damages due to bodily injury to one person" are payable under the "each person" limits.

Courts in other jurisdictions have looked at similar policies to determine whether language is ambiguous and, if not, under which limit loss of consortium is payable. In *Creamer v. State Farm Mut. Auto. Ins. Co.*, 161 Ill.App.3d 223, 112 Ill.Dec. 748, 749, 514 N.E.2d 214, 215 (1987), the Illinois Court of Appeals determined that an identically worded State Farm policy was not ambiguous. The *Creamer* Court held: that loss of consortium, while a compensable claim, was not a bodily injury; that the claim was subject to the policy limitations for bodily injury to one person; that the definition of "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it" was a clear and unambiguous definition; and that loss of consortium is included in "per person" limits for bodily injury to one person.

The language used in the State Farm policies and the damages sustained are identical to those discussed in *Creamer*. A number of courts from other jurisdictions have examined similar language,[18] and a majority have determined that the policy language limiting liability for "all damages due to bodily injury to one person" is not ambiguous.[19] The "per person" limit has

16. *White v. Equity Fire and Cas. Co.*, 823 P.2d 953, 954 (Okla.App.1991), was not approved for publication by this Court, and it has no precedential value pursuant to 20 O.S.1991 § 30.5.

17. Later, the Court of Appeals promulgated *Hardin v. Prudential Property and Cas.*, 839 P.2d 206, 207 (Okla.App.1992). In that case, the policy differed significantly from the Littlefield policies. In the *Hardin* policy, the "limits of liability" language contained a clause that "all damages [include] damages for care or loss of service." The policy cannot be looked to for guidance in this case. The *Hardin* court did, though, reaffirm the *White* decision by holding that a derivative claim is "not ... [a] claim for personal injury ... sustained in the accident, but strictly [a] claim stemming from [another's] death."

18. Annot., "Consortium Claim of Spouse, Parent or Child of Accident Victim as Within Extended 'Per Accident' Coverage Rather Than 'Per Person' Coverage of Automobile Liability Policy," 46 A.L.R.4th 735 (1986).

19. Some of these decisions involve liability insurance coverage and not UM policies. This is not a significant distinction because the language is identical in both sections. *Stillman v.*

*American Family Ins.*, 162 Ariz. 594, 785 P.2d 114, 118 (1990). *Allstate Ins. Co. v. Fibus*, 855 F.2d 660, 662 (9th Cir.1988) (applying California law); *Allstate Ins. Co. v. Pogorilich*, 605 A.2d 1318, 1320 (R.I.1992); *Santos v. Lumbermens Mut. Cas. Co.*, 408 Mass. 70, 556 N.E.2d 983, 988 (1990); *Whitney v. Nationwide Mutual Ins. Co.*, 151 Vt. 510, 562 A.2d 467, 468 (Vt.1989); *Dues v. Hodge*, 36 Ohio St.3d 46, 521 N.E.2d 789, 792 (1988); *Gillchrest v. Brown*, 532 A.2d 692, 693 (Me.1987); *Izzo v. Colonial Penn Ins. Co.*, 203 Conn. 305, 524 A.2d 641, 645 (1987); *Smith v. State Farm Mut. Auto. Ins. Co.*, 252 Ark. 57, 477 S.W.2d 186, 187 (1972); *Mutual of Enumclaw Ins. Co. v. Knight*, see note 15, supra; *Sharff v. Ohio Cas. Ins. Co.*, 584 So.2d 1223, 1226 (La.App. 2 Cir.1991); *Miller v. Public Employees Mut. Ins. Co.*, 58 Wash.App. 870, 795 P.2d 703, 706 (1990); *Sicoli v. State Farm Mut. Auto. Ins. Co.*, 464 N.W.2d 300, 302 (Minn.App.1990); *Manriquez v. Mid–Century Ins. Co.*, 779 S.W.2d 482, 485 (Tex. App.—El Paso 1989); *State Farm Mut. Auto. Ins. Co. v. Descheemaeker*, 178 Mich.Ct.App. 729, 444 N.W.2d 153, 155 (1989); *Carroll v. State Farm Ins. Co.*, 519 So.2d 265, 267 (La.App. 5 Cir.1988); *Grange Ins. Ass'n. v. Morgavi*, 51 Wash.App. 375, 753 P.2d 999, 1000 (1988); *South Carolina Ins. Co. v. White*, 82 N.C.App. 122, 345 S.E.2d 414, 415 (1986); Annot., "Construction and Applica-

been found to include all actions for derivative loss of consortium claims.

## CONCLUSION

An insurer may limit its liability.[20] Here, State Farm did so. It limited its liability based on how many persons were bodily injured in an automobile accident. The language used is clear and unambiguous. It provides that liability is based on the number of persons actually present and physically hurt in an accident. Because the policies are unambiguous, the contracts must be enforced as written. Because Linda Littlefield was the only person bodily injured in the automobile accident, her husband may recover for his loss of consortium claim only up to the "per person" limit.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

ALMA WILSON, J., dissents.

tion of Provision in Liability Policy Limiting the Amount of Insurer's Liability to One Person," see note 7, supra (all damage claims, direct and consequential, resulting from injury to one person, are subject to the "per person" limitation). See also, "Unknown Effects of *Wood v. Shepard* on Uninsured and Underinsured Motorist Coverage in Ohio," 39 Clev.St.L.Rev. 49, 64 (1991).

In his brief, Littlefield cites several cases holding similar policy language ambiguous. These policies differ significantly from the State Farm policies and are distinguishable for numerous reasons. *American Standard Ins. Co. of Wis. v. Forsythe,* 915 F.2d 1212, 1217–18 (8th Cir.1990) (applying Missouri law) (relies on *Cano v. Travelers Ins. Co.,* see this note, infra); *Bilodeau v. Lumbermens Mut. Cas. Co.,* 392 Mass. 537, 467 N.E.2d 137, 139 (1984) (policy pro-

vided payment limited by number of "injuries" only); *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266, 271 (Mo.banc. 1983) (Court did not look at policy language as used in plain and ordinary sense, as Oklahoma law requires); *Club Exchange Corp. v. Richter,* 221 Ill.App.3d 77, 581 N.E.[2d] 709, 710 (1991) ("bodily injury" defined as any injury in the policy); *Abellon v. Hartford Ins. Co.,* [167 Cal. App.3d 21], 212 Cal.Rptr. 852, 855–56 (Cal. App. 4 Dist.1985) (only if emotional or physical injury proven); *Allstate Ins. Co. v. Handegard,* 70 Or.App. 262, 688 P.2d 1387, 1388 (1984) (definition of "bodily injury" in policy included loss of consortium).

**20.** *C.P.A. Co. v. Jones,* see note 5, supra; *Bolding v. Prudential Ins. Co. of America,* see note 5, supra.