**Becky ROBERTS, Plaintiff,**

v.

**FARMERS INSURANCE COMPANY, INC., Garnishee.**

**No. 97–C–870–K.**

United States District Court, N.D. Oklahoma.

Oct. 16, 1998.

Rex K. Travis, Oklahoma City, OK, for Plaintiff.

Ray H. Wilburn, Scott Ralph Taylor, A. Mark Smiling, Wilburn Masterson & Smiling, Tulsa, OK, for Garnishee.

## ORDER

KERN, Chief Judge.

Before the Court is the Motion of the Garnishee, Farmers Insurance Company Inc. (Farmers), for Summary Judgment. Plaintiff Becky Roberts brought this garnishment action against Farmers seeking payment of a judgment by Farmers on behalf of its insured, Allen W. Roberts, Plaintiff's husband.

### I. Statement of Facts
### The Insurance Policy:

In April 1994, Allen Roberts owned a homeowners' insurance policy issued by Farmers. The policy listed the insured address as 804 Maxwell, Mounds, Oklahoma. The Agreement Section of the policy stated: "We will provide the insurance described in this policy. In return you will pay the premium and comply with all policy provisions." The policy referred to both the named insured and his spouse, if the spouse was a resident of the same household, as "you" or "your". The policy defined "insured" as: "you and the following persons if permanent residents of your household ... your relatives...." Other relevant policy provisions provided:

*Residence Premises—means the one or two family dwelling and separate structures or that part of any other building where you reside, and which is shown in the Declarations. Under Section II— Liability, residence premises includes*

*the grounds on which the dwelling and separate structures are located.*

*SECTION II EXCLUSIONS*

*Applying To Coverage E—Personal Liability*

**We do not cover** ...

*6. Bodily injury to any resident of the residence premises except a residence employee who is not covered under Workers' Compensation or Employers' Liability Coverage.*

*Applying to Coverage F—Medical Payments to Others*

**We do not cover bodily injury:**

*1. To you or any resident of your residence premises except a resident employee.*

The policy places the Agreement and Definition Sections, including the definitions of "you" and "your," "insured," and "residence premises," on the first page of the policy. The policy sets out Section II Coverages, which includes Coverage E for personal liability and Coverage F for medical payments to others, on page seven. The Section II Exclusions are also located on page seven.

### The Events:

On April 30, 1994, while working at the insured address, Allen Roberts accidentally dropped a pipe on Becky Roberts' head, injuring her. Becky Roberts lived with her husband at the insured address both before and after the accident. Becky Roberts filed a claim with Farmers after the accident, and Farmers denied the claim. Becky Roberts then sued her husband in state court for $100,000, the policy limit for personal liability coverage under his homeowners' policy. Becky Roberts and Allen Roberts entered into an agreed judgment for $100,000 on June 30, 1997. Becky Roberts agreed not to attempt collection against her husband. Plaintiff filed this garnishment action against Farmers in state court and Farmers removed to Federal Court based upon diversity of citizenship.

Farmers contends that summary judgment is proper, because there is no genuine issue of material fact for trial. The Plaintiff opposes the Motion, arguing that summary judgment is not appropriate in this case because the "reasonable expectations" of the average insured is a question of fact and should be presented to a jury. Finally, the Plaintiff requests that the Court certify to the Oklahoma Supreme Court two questions: (1) Whether the "reasonable expectations" doctrine applies to the household exclusion in a homeowners insurance policy, and (2) Whether the "reasonable expectation" of the average insured is a question of law or fact.

### II. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). The Court must view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where the nonmoving party will bear the burden of proof at trial, that party must "go beyond the pleadings" and identify specific facts which demonstrate the existence of an issue to be tried by the jury. *Mares v. ConAgra Poultry Co., Inc.,* 971 F.2d 492, 494 (10th Cir.1992). Additionally, although the non-moving party need not produce evidence at the summary judgment stage in a form that is admissible at trial, the content or substance of such evidence must be admissible. *Thomas v. Internat'l Business Machines,* 48 F.3d 478, 485 (10th Cir.1995).

### III. Discussion

Farmers contends that summary judgment is appropriate because the explicit language of the policy clearly provides no coverage for Plaintiff's claims. The Plaintiff was married to and lived with her husband at 804 Maxwell, Mounds, Oklahoma 74047 both before and after the accident in April 1994. She was clearly a resident of these premises, and was not covered under the homeowner's policy in effect at the time of the accident, which excluded coverage for residents of the resident premises.

Farmers urges this Court to adopt the well-established rules for the construction of insurance policies. Farmers argues

that insurance policies are contracts, and they should, therefore, be interpreted by courts in their plain and ordinary sense if the policies are clear and unambiguous. *Littlefield v. State Farm Fire and Cas.*, 857 P.2d 65, 69 (Okla.1993); *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla.1991). If the terms of insurance policies are unambiguous, clear, and consistent, courts should enforce the policies as written to carry out the expressed intention of the parties. *See Dodson*, 812 P.2d at 376.

 There is no question that Plaintiff is an "insured," as defined in the policy. The policy clearly defines "you," as used in the policy, to refer to the named insured on the Declarations page and his spouse if the spouse is a resident of the same household.[1] The Plaintiff admits that Allen Roberts is the named insured and that she is his spouse and that she lived at the same residence as Mr. Roberts both before and after the injury occurred. It is also clear that 804 Maxwell, Mounds, Oklahoma is the residence premises. Under Exclusion 6 to Coverage E, Personal Liability, the policy *does not cover bodily injury to any resident of the residence premises.* Thus, Exclusion 6 clearly excludes the Plaintiff from coverage. In addition, the policy provides no coverage for the Plaintiff pursuant to Coverage F, Medical Payments to Others. Exclusion 1 to Coverage F *denies coverage to "you" or any resident of the residence.* The Plaintiff satisfies both categories, and the policy, as written, clearly denies coverage to Becky Roberts for her bodily injury.

The Plaintiff concedes that the policy is written to preclude coverage for residents of the residence premises, but argues that the "reasonable expectations doctrine" allows recovery where the insured has a "reasonable expectation" of coverage, or where the relevant provisions are either ambiguous or hidden in the policy. In support of this proposition, Plaintiff cites *Max True Plastering v. U.S. Fidelity & Guaranty Co.*, 912 P.2d 861 (Okla.1996). The Plaintiff contends that *Max True Plastering* alters the analysis the Court must undertake. The Plaintiff argues that "[u]nder the reasonable expectations

doctrine, if the exclusion is buried in the policy language or ambiguous, the policy will be interpreted to provide coverage the reasonable insured would expect, even if the clear language of the policy would provide there is no coverage." Plaintiff claims that the reasonable expectations doctrine applies here because the residence exclusion upon which Defendant relies is both hidden and ambiguous and because a reasonable insured would expect the coverage which this policy excludes.

Oklahoma explicitly adopted the doctrine of reasonable expectations in *Max True Plastering*. Although the court noted that "generally the language of the policy will provide the best indication of the parties' reasonable expectation...." and that "courts must examine the policy language objectively to determine whether an insured could reasonably have expected coverage," *Max True Plastering* nevertheless points to two circumstances in which the reasonable expectations doctrine is applicable. First, the doctrine may be applied where the insurer or its agent created a reasonable expectation of coverage in the insured which is not supported by policy language. *Max True Plastering* at 864. Secondly, the court held that the reasonable expectations doctrine may apply to the construction of ambiguous insurance contracts or to contracts containing exclusions masked by technical or obscure language or hidden policy provisions. *Id.* at 868. This Court finds that neither circumstance discussed by *Max True Plastering* is present here, and the doctrine of reasonable expectations does not apply.

*Max True Plastering* made clear that the factual circumstances surrounding the contractual agreement for insurance may create an insured's expectations and help determine whether those expectations are reasonable. "Under the doctrine, if the insurer or its agent creates a reasonable expectation of coverage in the insured which is not supported by policy language, the expectation will prevail over the language of the policy." *Id.* at 864. Where there is no evidence that

---

1. Plaintiff also fits the definition of "insured" as defined in the body of the Definition section which designates that permanent residents of the household who are relatives of the insured are "insureds" as well.

the expectation has been created by surrounding circumstances, however, the doctrine is inapplicable. The court cites *Johnson v. Farm Bureau Mutual Insurance Co.*, 533 N.W.2d 203 (Iowa 1995), in which the Supreme Court of Iowa rejected an insured's claim of coverage based on reasonable expectations because the insured offered no evidence demonstrating that circumstances attributable to the insurer fostered his expectation of coverage. *Id.* at 207. *See also Bensalem Township v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1311–12 (3rd Cir.1994) (stating that an insured's reasonable expectation will trump written policy provisions where insurer or agent creates the expectation).

■ Similarly, here there is no evidence that the insurer created a reasonable expectation of coverage for the insured's spouse. The Plaintiff has proffered no evidence of statements, promises, or inferences made by the insurer which would create a reasonable expectation of coverage in this case. The Plaintiff's only "evidence" of the creation of that expectation is the *absence* of a statement on the Declarations page which lays out the exclusion for a resident of the premises. Based on this, the Plaintiff concludes that the expectation of coverage is created. As discussed *supra*, the policy places the Agreement and Definition Sections, including the definitions of "you" and "your," "insured," and "residence premises," on the first page of the policy. The fact that the resident exclusion is not discussed until page seven of the contract cannot in itself trigger the reasonable expectations doctrine discussed in *Max True Plastering*.

■ Alternately, the Plaintiff contends that *Max True Plastering* requires the application of the reasonable expectations doctrine because the exclusion is hidden or buried in the policy, or the policy is ambiguous. The Plaintiff argues that the placement, typeset, and wording of the residence exclusion has intentionally been drafted to hide the exclusion. Plaintiff cites *Conner v. Transamerica Ins. Co.*, 496 P.2d 770 (Okla.1972) in support. *Conner* involved a professional liability policy in which Transamerica agreed to defend Conner against any suit even if the allegations were groundless, false, or fraudulent. The policy, however, contained an ex-

clusion to the contrary. The court held that the insurer had a duty to defend Conner in spite of the exclusion, because the exclusionary clause was ambiguous and unclear. Conner did not deal with the creation of reasonable expectations in a situation where the exclusion was alleged to be "hidden" or "buried." Thus, *Conner* is simply not applicable here.

Furthermore, this Court has reviewed the policy and determined that the exclusion is not "hidden." The typeset containing the exclusion is identical to that of the text in the remainder of the policy. Only headings are set in large type, and the heading under which the exclusion is listed reads, "SECTION II EXCLUSIONS, Applying to Coverage F—Medical Payments to Others." Plaintiff contends, nevertheless, that the structure of the policy "takes on added significance given the indisputable importance of the household exclusions." Plaintiff then poses the question, "Who would an insured want more to protect than his own family members who live with him?" It is not for this Court to decide if the residence exclusion is appropriate and fair, or who an insured most wants to protect. This Court will not find that the provision is "hidden" merely because the Plaintiff disagrees with it. The provision is under an appropriate heading, is clearly stated, and is not set in fine print.

The Plaintiff argues, additionally, that the exclusion is ambiguous, and therefore, *Max True Plastering* demands the application of the reasonable expectations doctrine. As evidence of the ambiguity of the statement, Plaintiff offers the affidavit of Dr. Kathleen Donovan, a psychology professor at a state university, who claims that the statement is indeed ambiguous. Dr. Donovan made her determination based on a survey she presented to 126 college students. The Plaintiff asserts that the policy household exclusion *must* be ambiguous, because 69% of the 126 college students surveyed found the contract confusing.

■ A contract is only determined to be ambiguous if it is susceptible to two constructions. *Max True Plastering*, 912 P.2d at 869; *Littlefield*, 857 P.2d at 69. Courts must interpret insurance contracts and determine

whether they are ambiguous as a matter of law. *Max True Plastering* at 869; *Dodson*, 812 P.2d at 376. Because insurance contracts are contracts of adhesion,[2] courts should interpret them most favorably to the insured if the contractual language is subject to two possible interpretations. *Littlefield*, 857 P.2d at 69.

In reviewing the wording of the exclusion, taken with the definitions provided on page one of the policy, this Court determines that the exclusion is not ambiguous as a matter of law. The terms and definitions as laid out in the policy are not reasonably susceptible to more than one meaning, and the Plaintiff has not alleged as much. The Plaintiff's only support of a claim of ambiguity is the survey of Dr. Donovan, intended to show that the contract must be ambiguous if a group of college students finds it to be so. This Court disagrees. The Oklahoma Supreme Court has admonished courts not to indulge in forced or strained constructions to create and then construe ambiguities where they do not otherwise exist. *Max True*, 912 P.2d at 869; *Dodson*, 812 P.2d at 376. Because this Court must determine if the policy is ambiguous as a matter of law, the survey of Dr. Donovan is inappropriate and irrelevant to establish the existence of an ambiguity.

### Conclusion

This Court finds that Farmers has created no reasonable expectation of coverage.[3] In reviewing the contract, we also determine, as a matter of law, that the exclusion is not ambiguous, as it is not susceptible to two reasonable constructions. Furthermore, this Court concludes that the exclusion provision, despite being listed on page seven (7) of a ten (10) page contract, is not "hidden" in the

document, but is logically placed under the appropriate heading, and is set in normal type. Therefore, the "reasonable expectations doctrine" does not apply in this case. Finally, Dr. Donovan's affidavit is irrelevant in this Court's determination of "ambiguity," and should be stricken from the record. IT IS THEREFORE ORDERED that Garnishee's Motion for Summary Judgment (Docket # 3) is GRANTED, and Garnishee's Motion To Strike Affidavit of Dr. Donovan (Docket # 9) is GRANTED. All other pending motions in this case are hereby deemed MOOT.

2. "An adhesion contract is a standardized contract prepared entirely by one party to the transaction for the acceptance of the other. These contracts, because of the disparity in bargaining power between the draftsman and the second party, must be accepted or rejected on a "take it or leave it" basis without opportunity for bargaining—the services contracted for cannot be obtained except by acquiescing to the form agreement. Insurance contracts are contracts of adhesion because of the uneven bargaining positions of the parties." *Max True Plastering Company v. United States Fidelity and Guaranty Company*, 912 P.2d 861, 863 (Okl.1996).

3. Plaintiff has also requested that this Court certify the question to the Supreme Court of Oklahoma on whether the reasonable expectations are a question of law or of fact and whether the doctrine applies to a household exclusion. Pursuant to 20 Okla.Stat.Ann. § 1602, questions may be certified to the Oklahoma Supreme Court only when "there is no controlling precedent in the decisions of the Supreme Court or Court of Criminal Appeals of this state." The decision to certify is left to the discretion of the Court. This Court declines to certify Plaintiff's questions. *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1553 (10th Cir.1995).